UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| TIM TOTH,<br><br>        Plaintiff,<br>v.<br><br>STELLAR RECOVERY, INC.; and Does 1-10, inclusive,<br><br>        Defendant(s). | Civil Action No.: _____<br><br><br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, TIM TOTH, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the harassment of Plaintiff by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the U.S. District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b), as Defendant transacts business in the State of Nevada and a substantial part of the events, giving rise to the claim, took place in Nevada.

## PARTIES

4. The Plaintiff, TIM TOTH ("Plaintiff"), is an adult individual residing in Las Vegas, Nevada, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant STELLAR RECOVERY, INC. ("STELLAR"), is doing business in the State of Nevada as a business entity operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by STELLAR, whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. STELLAR at all times acted by and through one or more of the Collectors (both parties collectively described hereinafter as "Defendants").

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. Plaintiff's ex-girlfriend allegedly incurred a financial obligation (the "Debt") to Dish Network (the "Creditor").

9. Defendants are wrongfully attempting to collect said Debt from Plaintiff.

10. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

11. The Debt was purchased, assigned or transferred to STELLAR for collection, or STELLAR was employed by the Creditor to collect the Debt.

12. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. STELLAR Engages in Harassment and Abusive Tactics

## FACTS

13. Defendants began reporting the Plaintiff's ex-girlfriend's Debt on Plaintiff's

2

accounts with the three major credit bureaus, Transunion, Equifax, and Experian.

14. Plaintiff was in no way obligated to be liable for the Debt incurred by Plaintiff's ex-girlfriend.

15. At no point did Defendants provide Plaintiff with a notice as required by 15 U.S.C. § 1692g.

### C. Plaintiff Suffered Actual Damages

16. The Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

17. As a direct consequence of Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

18. Plaintiff has also contemplated filing bankruptcy as a result of Defendants' illegal conduct to stop harassing calls in the future.

### D. Respondeat Superior Liability

19. The acts and omissions of STELLAR, and the other debt collectors employed as agents by STELLAR were committed within the time and space limits of their agency relationship with their principal, Defendant STELLAR.

20. The acts and omissions by STELLAR and these other debt collectors were incidental to, or of the same general nature as, the responsibilities that these agents were authorized to perform by STELLAR in collecting consumer debts.

21. By committing these acts and omissions against Plaintiff, STELLAR and these other debt collectors were motivated to benefit their principal, Defendant STELLAR.

22. STELLAR is therefore liable to Plaintiff through the Doctrine of Respondeat

Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Nevada tort law, in their attempts to collect a debt from Plaintiff.

## COUNT I

### VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, et seq.

23. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The Defendants' conduct violated 15 U.S.C. § 1692b(2) in that Defendants contacted a third party in an attempt to collect a debt from the Plaintiff.

25. The Defendants' conduct violated 15 U.S.C. § 1692b(3) in that Defendants contacted a third party more than once without request or consent to do so in an attempt to collect a debt from the Plaintiff.

26. The Defendants' conduct violated 15 U.S.C. § 1692c(b) in that Defendants engaged in communication with parties other than the Plaintiff, Plaintiff's attorney, or a credit bureau in an attempt to collect a debt.

27. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants engaged in false, deceptive or misleading behavior in connection with the collection of a debt.

28. The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the amount of the Debt owed by Plaintiff and attempted to have Plaintiff pay more than the Debt owed to Creditor.

29. The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take action against the Plaintiff which it could not legally take or did not intend to take in collection of a debt.

30. The Defendants' conduct violated 15 U.S.C. § 1692e(8) in that Defendants communicated or threatened to communicate false credit information, including the failure to communicate that the Debt was "disputed", in an attempt to collect a debt.

31. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed various false representations and deceptive means to collect a debt.

32. The Defendants' conduct violated 15 U.S.C. § 1692f(1) in that Defendants attempted to collect an amount not authorized by the agreement between Plaintiff and Creditor.

33. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

34. The Defendants' conduct violated 15 U.S.C. § 1692g in that Defendants failed to send a notice, as required by 15 U.S.C. §1692g(a), to Plaintiff within five days of the report being made to the credit bureaus.

35. The Plaintiff is entitled to damages as a result of Defendants' violations.

36. The Plaintiff has been required to retain the undersigned as counsel to protect his legal rights to prosecute this cause of action, and is therefore entitled to an award or reasonable attorneys' fees plus costs incurred.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants awarding the Plaintiff:

## COUNT I.

## VIOLATIONS OF NRS 604A AS INCORPORATED THROUGH 15 U.S.C. § 1692

1. for actual damages including, but not limited to, the emotional distress the Plaintiff has suffered (and continues to suffer) as a result of the intentional, reckless, and/or

negligent FDCPA violations pursuant to 15 U.S.C. § 1692k(a)(1);

2. for statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. for punitive damages; and

4. for any other and further relief that the Court may deem just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: July 19, 2013

Respectfully submitted,

By /s/George Haines, Esq.
George Haines, Esq.
Nevada Bar No. 9411
HAINES & KRIEGER, LLC
5041 N. Rainbow Blvd.
Las Vegas, Nevada 89130
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: Ghaines@hainesandkrieger.com
Attorney for Plaintiff
*TIM TOTH*