David Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
5041 N. Rainbow Blvd.
Las Vegas, Nevada 89130
Phone: (702) 880-5554
FAX: (702) 967-6665
Email: dkrieger@hainesandkrieger.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

TIMOTHY TOTH and GARY HALL, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

Plaintiff,

v.

STELLAR RECOVERY, INC.,

Defendant.

Case No.: **2:13-cv-01276-LDG-GWF**

**CLASS ACTION**

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**

**JURY TRIAL DEMANDED**

### INTRODUCTION

1. TIMOTHY TOTH ("TOTH") and GARY HALL ("HALL") (jointly referred to as "Plaintiffs") bring this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of STELLAR RECOVERY, INC. ("Defendant"), in negligently contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"), thereby invading Plaintiffs' privacy. Plaintiffs allege as follows upon personal knowledge as to himself and his own acts and experiences,

and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

2. The TCPA was designed to prevent calls and messages like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call...." Id. at §§ 12-13. See

1     also, *Mims*, 132 S. Ct. at 744.

2   5. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA

3        case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act … is well known for
> its provisions limiting junk-fax transmissions. A less-litigated
> part of the Act curtails the use of automated dialers and
> prerecorded messages to cell phones, whose subscribers often
> are billed by the minute as soon as the call is answered—and
> routing a call to voicemail counts as answering the call. An
> automated call to a landline phone can be an annoyance; an
> automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

7. Venue is proper in the United States District Court for the District of Nevada pursuant to 18 U.S.C. § 1391(b) because Defendant is subject to personal jurisdiction in the County of Clark, State of Nevada.

## PARTIES

8. TOTH is, and at all times mentioned herein was, a citizen and resident of the State of Nevada.   TOTH is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

9. HALL is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

10. Plaintiffs are informed and believes, and thereon allege, that Defendant is, and at all times mentioned herein was, a corporation whose State of Incorporation and principal place of business is in the State of Florida. Defendant, is and at all times mentioned herein was, a corporation and is a

"person," as defined by 47 U.S.C. § 153 (10).  Defendant provides loans to hundreds of thousands of consumers.  Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and in the County of San Diego, and within this judicial district.

FACTUAL ALLEGATIONS

11. At all times relevant, Plaintiffs are, and at all times mentioned herein were, a "person" as defined by 47 U.S.C. § 153 (10).

12. Defendant is, and at all times mentioned herein was, a corporation and a "person," as defined by 47 U.S.C. § 153 (10).

13. At all times relevant Defendant conducted business in the State of Nevada and in the County of Clark, within this judicial district.

14. At no time did Plaintiffs ever enter into a business relationship with Defendants.

15. Plaintiffs did not provide Plaintiffs' cellular telephone numbers to Defendant through any medium at any time.

16. Defendants obtained Plaintiffs' contact information through unknown means.

**Calls to Plaintiff Timothy Toth**

17. On good information and belief, Defendant began contacting TOTH with an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1) beginning in April 2013 in order to collect upon an alleged debt alleged to be owed by a third-party.

18. TOTH predicates said belief upon Defendant acknowledging the use of an ATDS.

19. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

20. The telephone number Defendants called ending in 3022, was assigned to a cellular telephone service for which Plaintiff incurred a charge for incoming calls and texts pursuant to 47 U.S.C. § 227(b)(1).

21. These telephone communications constituted communications that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

22. These telephone communications constituted telephone solicitations as defined by 47 U.S.C. § 227(a)(4).

23. TOTH did not provide prior express consent to receive calls or messages on Plaintiff's cellular telephones, pursuant to 47 U.S.C. § 227 (b)(1)(A).

24. These telephone communications by Defendants, or its agent, violated 47 U.S.C. § 227(b)(1).

## Calls to Plaintiff Gary Hall

25. On good information and belief, Defendant began contacting HALL with an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1) beginning in June 2013 in order to collect upon an alleged debt alleged to be owed by a third-party.

26. HALL predicates said belief upon the long delay between Plaintiff answering Defendant's telephonic communications and Defendant's representative acknowledging Plaintiff.

27. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

28. The telephone number Defendants called was assigned to a cellular telephone service for which Plaintiff incurred a charge for incoming calls and texts pursuant to 47 U.S.C. § 227(b)(1).

29. These telephone communications constituted communications that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

30. These telephone communications constituted telephone solicitations as defined by 47 U.S.C. § 227(a)(4).

31. HALL did not provide prior express consent to receive calls or messages on Plaintiff's cellular telephones, pursuant to 47 U.S.C. § 227 (b)(1)(A).

32. These telephone communications by Defendants, or its agent, violated 47 U.S.C. § 227(b)(1).

### CLASS ACTION ALLEGATIONS

33. Plaintiff brings this action on behalf of himself and on behalf of and all others similarly situated ("the Class").

34. Plaintiff represents, and is a member of the Class, consisting of all persons within the United States who received an unsolicited telephonic communication from Defendant wherein Defendant utilized an automatic telephone dialing system ("ATDS") for non-emergency purposes, within the four years prior to the filing of this action.

35. Defendants and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the hundreds of thousands, if not more.  Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

36. Plaintiff and members of the Class were harmed by the acts of Defendants in at least the following ways: Defendants, either directly or through its agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using an ATDS, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members.  Plaintiff and the Class members were damaged thereby.

37. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

38. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendants' records or Defendants' agents' records.

39. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

    a) Whether, within the four years prior to the filing of this Complaint, Defendant or its agents initiated any telephonic communications to the Class (other than a message made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic dialing and/or SMS texting system to any telephone number assigned to a cellular phone service;

    b) Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

    c) Whether Defendants and its agents should be enjoined from engaging in such conduct in the future.

40. As a person that received at least one telephonic communication from Defendant's ATDS without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and

adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

41. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendants' unlawful and wrongful conduct.  Absent a class action, the Class will continue to face the potential for irreparable harm.  In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct.  Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

42. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

43. A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendants to comply with federal and California law.  The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action for violation of privacy are minimal.  Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

44. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

///
///
///
///
///

**FIRST CAUSE OF ACTION**

**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

**47 U.S.C. § 227 ET SEQ.**

45. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. The foregoing acts and omissions of Defendant constitutes numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

47. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiffs and The Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

48. Plaintiffs and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**SECOND CAUSE OF ACTION**

**KNOWING AND/OR WILLFUL VIOLATIONS OF THE**

**TELEPHONE CONSUMER PROTECTION ACT**

**47 U.S.C. § 227 ET SEQ.**

49. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

51. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq, Plaintiffs and The Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

52. Plaintiffs and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully request the Court grant Plaintiffs and The Class members the following relief against Defendant:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF
### THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek for herself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION FOR KNOWING/WILLFUL VIOLATION OF
### THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek for herself and each Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

///
///
///
///

**TRIAL BY JURY**

53. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Dated: September 27, 2013

Respectfully submitted,

/S/ DAVID KRIEGER, ESQ.
David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Avenue, Suite 130
Henderson, Nevada 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com