William E. Peterson, No. 1528
Janine C. Prupas, No. 9156
**SNELL & WILMER L.L.P.**
50 West Liberty Street, Suite 510
Reno, Nevada 89501
Telephone: (775) 785-5440
Facsimile: (775) 785-5441

Sean P. Flynn, Esq. (SBN 220184) (pending pro hac vice admission)
**FOLEY & MANSFIELD, PLLP**
300 South Grand Avenue, Suite 2800
Los Angeles, CA 90071
Telephone:   (213) 283-2100
Facsimile:   (213) 283-2101

Attorney for Defendant
**STELLAR RECOVERY, INC.**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TIMOTHY TOTH and GARY HALL, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>vs.<br><br>STELLAR RECOVERY, INC.,<br><br>Defendant. | Case No: 2:13-cv-01276-LDG (GWF)<br><br>**DEFENDANT'S ANSWER TO THE FIRST AMENDED COMPLAINT AND JURY DEMAND** |

Defendant, Stellar Recovery, Inc. ("Defendant"), hereby responds on behalf of itself, and no other, to the First Amended Complaint of Plaintiffs, Timothy Toth ("Toth") and Gary Hall ("Hall"), individually and on behalf of all others similarly situated ("Plaintiffs") as follows:

1. Pursuant to Rule 8(b)(3) of the Federal Rules of Civil Procedure, Defendant generally denies each and every allegation contained in the First Amended Complaint except those expressly admitted below.

2. Defendant admits the allegations of paragraphs: 6, to the extent this Court has Jurisdiction over this matter; 7 as to Venue being proper in the United States District Court, District of Nevada only; 10 as to the factual assertions regarding its incorporation only; 11 as to the factual assertions only; 12 as to the factual assertions only; 13 as to the factual assertions only; and 17 only to the extent Defendant did place calls to Plaintiff, Toth;

## PRAYER FOR RELIEF

Defendant denies that Plaintiffs are entitled to any of the items set forth in the prayer for relief.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

(Exhaustion of Administrative Remedies)

Plaintiffs' First Amended Complaint is barred due to their failure to exhaust all administrative remedies.

### Second Affirmative Defense

(Improper Request for Statutory Damages)

Plaintiffs' First Amended Complaint does not allege facts sufficient to rise to the level of conduct required to recover statutory damages under 47 U.S.C. § 227(b)(1) or (b)(3)(B) and thus all requests for statutory damages there under are improper.

### Third Affirmative Defense

(Statute of Limitations)

Defendant is informed and believes and thereon alleges that the applicable statutes of limitation bar all claims for relief in the First Amended Complaint.

### Fourth Affirmative Defense

(Contributory/Comparative Fault)

Defendant is informed and believes and thereon alleges that any alleged damages sustained by Plaintiffs were, at least in part, caused by the actions of Plaintiffs and resulted from Plaintiffs' own negligence, which equaled or exceeded any alleged negligence or wrongdoing by Defendant.

### Fifth Affirmative Defense

(Failure to Mitigate)

The damages claimed by Plaintiffs could have been mitigated with due diligence or by one acting under similar circumstances. Plaintiffs' failure to mitigate is a bar to recovery under the First Amended Complaint.

### Sixth Affirmative Defense

(Estoppel)

The First Amended Complaint and each of its purported claims for relief are barred by the doctrine of estoppel.

### Seventh Affirmative Defense

(Laches)

The First Amended Complaint and each of its purported claims for relief are barred by the doctrine of laches.

### Eighth Affirmative Defense

(Unclean Hands)

The First Amended Complaint and each of its purported claims for relief are barred by the doctrine of unclean hands. Plaintiffs' First Amended Complaint does not contend that the subject debt is not owed, nor that the subject debt has been satisfied. As such, Plaintiffs are in breach of the agreement with the credit originator, and but for the breach of that agreement Defendant would not have communicated with Plaintiffs.

### Ninth Affirmative Defense

(Waiver)

The First Amended Complaint and each of its purported claims for relief are barred by the doctrine of waiver.

//

//

//

### Tenth Affirmative Defense

(Good Faith)

Defendant alleges that at all times it acted in good faith and with good cause. The conduct of Defendant was within the reasonable expectations of the parties and was reasonably related to Defendant's legitimate business interests upon the basis of reasonable factors.

### Eleventh Affirmative Defense

(Failure to State a Claim)

The First Amended Complaint fails to state facts sufficient to constitute a cause of action against Defendant relative to the content of the alleged communications and further fails to state facts sufficient to entitle Plaintiffs to the relief sought, or to any other relief whatsoever, from Defendant.

### Twelfth Affirmative Defense

(Joinder)

Defendant is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiffs are the result of the acts or omissions of third persons over whom Defendant had neither control nor responsibility, and whom Plaintiffs have failed to name in this action.

### Thirteenth Affirmative Defense

(Prior Express Consent)

Defendant denies that any violation of 47 U.S.C. § 227 occurred, or that such statute is relevant. However, to the extent that this statute is deemed relevant, Defendant asserts that it had prior express consent to dial any numbers called and, as such, no violation occurred.

### Fourteenth Affirmative Defense

(Reserved Affirmative Defenses)

Defendant alleges that the First Amended Complaint does not describe the alleged actions with sufficient particularity to permit it to ascertain what other defenses may exist at this time. Defendant therefore reserves the right to assert all defenses that may pertain to the First Amended Complaint as the facts of the case are discovered.

WHEREFORE, Defendant prays as follows:

1. Plaintiffs take nothing by way of the First Amended Complaint herein and that this action is dismissed in its entirety;

2. For Defendant's attorney's fees and costs incurred herein;

3. For such other relief as the Court may deem just and proper.

Dated: October 29, 2013

SNELL & WILMER L.L.P.

By: /s/ William E. Peters
William E. Peterson, No. 1528
Janine C. Prupas, No. 9156
50 West Liberty Street, Suite 510
Reno, Nevada 89501

Attorneys for Defendant
**STELLAR RECOVERY, INC.**

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Defendant hereby demands a trial by jury in this action.

Dated: October 29, 2013

SNELL & WILMER L.L.P.

By: /s/ William E. Peters
William E. Peterson, No. 1528
Janine C. Prupas, No. 9156
50 West Liberty Street, Suite 510
Reno, Nevada 89501

Attorneys for Defendant
**STELLAR RECOVERY, INC.**

# PROOF OF SERVICE

**STATE OF NEVADA, COUNTY OF WASHOE:**

    I am employed in the County of Washoe, State of Nevada. I am over the age of 18 and not a party to the within action; my business address is 50 W. Liberty Street, Suite 510, Reno, Nevada 89501.

    On **October 29, 2013**, I served the foregoing document described as: **DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT AND JURY DEMAND**

☒ ***(BY COURT'S CM/ECF SYSTEM)*** Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF systems, to the parties and/or counsel who are registered CM/ECF Users set forth in the service list contained from this court.

☐ **(BY MAIL)** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses above and placed the envelope for collection and mailing, following our ordinary business practices. I am ready familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

Executed on **October 29, 2013**, Reno, Nevada.

☒ **[FEDERAL]** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

*/s/ Holly W. Longe*
HOLLY W. LONGE