William E. Peterson, No. 1528
Janine C. Prupas, No. 9156
**SNELL & WILMER L.L.P.**
50 West Liberty Street, Suite 510
Reno, Nevada 89501
Telephone:    (775) 785-5440
Facsimile      (775) 785-5441

Sean P. Flynn, Esq. (Cal. SBN 220184)
(Admitted *pro hac vice*)
sflynn@foleymansfield.com
**FOLEY & MANSFIELD, PLLP**
300 South Grand Avenue, Suite 2800
Los Angeles, CA  90071
Telephone:    (213) 283-2100
Facsimile:     (213) 283-2101

Attorneys for Defendant
**STELLAR RECOVERY, INC.**

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TIMOTHY TOTH and GARY HALL, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>     vs.<br><br>STELLAR RECOVERY, INC.,<br><br>          Defendant. | Case No:  2:13-cv-01276-LDG(GWF)<br><br>**DEFENDANT'S EVIDENTIARY OBJECTIONS TO, AND REQUEST TO STRIKE PORTIONS OF, PLAINTIFFS' EVIDENCE SUBMITTED IN SUPPORT OF ITS OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Action Filed: July 19, 2013<br>Trial Date: None Set |

\\\
\\\
\\\
\\\
\\\
\\\

Defendant, STELLAR RECOVERY, INC. ("Defendant"), submits the following evidentiary objections to, and requests to strike portions of, the evidence submitted by Plaintiffs, TIMOTHY TOTH and GARY HALL ("Plaintiffs"), in support of their Opposition to Defendant's Motion for Summary Judgment.

**EVIDENTIARY OBJECTIONS TO DECLARATION OF JEFFREY A. HANSEN**

1.     <u>**Jeffrey A. Hansen Has Not Been Qualified As An Expert**</u>.

<u>Defendant's Objections:</u>

**Expert is not qualified: Fed. R. Evid. 702**.  Defendant objects to all of the testimony from Jeffrey A. Hansen, as he has not been qualified as an expert.  For an expert's opinion to be admissible, the expert must first be qualified.  *See* Fed. R. Evid. 702; *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999); *Hendrix v. Evenflo Co.*, 609 F.3d 1183, 1194 (11th Cir. 2010) (expert's opinion cannot be connected to facts by *ipse dixit* of expert, i.e. because the expert said so).  An expert must be qualified by "knowledge, skill, experience, training or education."  Fed. R. Evid. 702.  The proponent of expert testimony has the burden of showing that the testimony is reliable.  *United States v. Hicks*, 389 F.3d 514, 525 (5th Cir. 2004).  In this case, Plaintiffs do not offer evidence as to the special "knowledge, skill, experience, training or education" that would qualify Mr. Hansen has an expert.  Furthermore, Plaintiffs offer as Exhibit C in support of their Opposition the curriculum vitae of Mr. Hansen, yet this document is not authenticated by Mr. Hansen, and therefore should be ruled inadmissible under Federal Rule of Evidence 901.

In this case, there is no evidence put forth that satisfies the factors for expert reliability in *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 593-95 (1993), some of which are the potential rate of error, and general acceptance in the scientific community.  In determining the admissibility of expert testimony under Rule 702, district courts must consider whether the expert can testify competently on the areas he intends to discuss, whether the expert's methodology is sufficiently reliable, and whether the expert's testimony, through the application of his scientific, technical, or specialized expertise, will assist the trier of fact to understand the evidence.  *City of Tuscaloosa v. Harcross Chems, Inc.*, 158 F.3d 548, 562 (11th Cir. 1998).  If the district court concludes that an expert has failed to sufficiently justify

his methodology or lay sufficient foundation for his opinion, the court will strike that opinion as inadmissible.  *See U.S. v. Gabaldon*, 389 F.3d 1090, 1099 (10th Cir. 2004) (finding expert's opinion entirely conclusory and unsupported by any scientific evidence or reasoning); *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992) (holding that an adverse expert's opinion stated ultimate conclusions without providing any factual basis).

Here, Mr. Hansen does not claim to have ever examined Defendant's technology system or even spoken with any employee, agent, or representative of Defendant regarding Defendant's technology system.  Further, he fails to describe any of the tests he performed or scientific studies he conducted that formed the basis for his statements regarding Defendant's technology.  In fact, Plaintiffs' counsel never even requested that Mr. Hansen have the opportunity to examine Defendant's technology system, even after Defendant's counsel made the offer.  (Declaration of Sean P. Flynn ("Flynn Dec."), ¶ 23.)  Because Mr. Hansen is not qualified, his testimony should be disregarded and his testimony stricken.

2.    **Hansen Decl., Para. 2 Lacks Foundation And Is Irrelevant**.

Hanson Decl., Para. 2:

"I have served as an expert witness and consultant to law firms in order to conduct computer forensics, and I also assist in electronic discovery issues.  My firm was retained in this case to assist Plaintiffs' counsel in evaluating and analyzing electronic data related to outbound dial lists and other electronic data associated with computer systems that may have been used by Defendant or its agents.  I have extensive experience dealing with data warehousing, including data warehousing related to telemarketing and autodialers in general.  I am also a consultant to companies that engage in the use of autodialers, and I am familiar with their use and their procedures and all technical aspects of that business.  In that capacity, I have assembled autodialers, interfaced with telecommunication providers, configured, maintained and operated all aspects of autodialers.  I am familiar with the manner in which outbound dial lists are used and maintained in the telemarketing industry, which I understand to be similar to the debt collection industry.  I am also familiar with the procedures involved, and I have personally engaged in data warehousing regarding the compilation of certain lists, including demographic and target audience lists for telemarketing, and have personally repaired defective lists to

DEFENDANT'S EVIDENTIARY OBJECTIONS TO, AND REQUEST TO STRIKE PORTIONS OF, PLAINTIFFS' EVIDENCE SUBMITTED IN SUPPORT OF ITS OPPOSITION TO DEFENDANT'S MOTION

eliminate improperly formatted and corrupted data.  I am also familiar with and know how to use the databases containing cell block identifiers and ported number lists, both of which identify cellular type telephone numbers."

Defendant's Objections:

**Expert is not qualified: Fed. R. Evid. 702**. Defendant objects to all of the testimony from Jeffrey A. Hansen, as he has not been qualified as an expert.  For an expert's opinion to be admissible, the expert must first be qualified.  *See* Fed. R. Evid. 702; *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999); *Hendrix v. Evenflo Co.*, 609 F.3d 1183, 1194 (11th Cir. 2010) (expert's opinion cannot be connected to facts by *ipse dixit* of expert, i.e. because the expert said so).  An expert must be qualified by "knowledge, skill, experience, training or education."  Fed R. Evid. 702.  The proponent of expert testimony has the burden of showing that the testimony is reliable.  *United States v. Hicks*, 389 F.3d 514, 525 (5th Cir. 2004).

In this case, there is no evidence put forth that satisfies the factors for expert reliability in *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 593-95 (1993).  Here, Mr. Hansen does not claim to have ever examined Defendant's technology system or even spoken with any employee, agent, or representative of Defendant regarding Defendant's technology system.  Further, he fails to describe any of the tests he performed or scientific studies he conducted that formed the basis for his statements regarding Defendant's technology.  In fact, Plaintiffs' counsel never even requested that Mr. Hansen have the opportunity to examine Defendant's technology system, even after Defendant's counsel made the offer.  (Flynn Dec., ¶ 23.)  Because Mr. Hansen is not qualified, his testimony should be disregarded and his testimony stricken.

**Relevance: Fed. R. Evid. 401, 402**. An expert's opinion must be relevant.  *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 2445 (5th Cir. 2002).  If the expert's opinion is based on scientific studies dissimilar to the facts of the case and does not provide reasons for drawing his conclusion from these studies, the opinion is irrelevant, as it only provides jurors with a conclusion instead of a framework to determine the conclusion.  *See General Elec. Co. v. Joiner*, 522 U.S. 136, 144-56 (1997).  In this case, Mr. Hansen has not conducted any studies, scientific or otherwise, involving Defendant's technology.  In fact, Mr. Hansen fails to state that he ever even examined Defendant's technology system.  Likewise,

Mr. Hansen does not have experience in the debt collection industry in which Defendant's business operates ("I am familiar with…the telemarketing industry, which I understand to be similar to the debt collection industry"). Mr. Hansen's testimony is conclusory and therefore irrelevant. Thus, it should be stricken.

**Lacks Foundation: Fed. R. Evid. 602.** Mr. Hansen's statement that "I am familiar with…the telemarketing industry, which I understand to be similar to the debt collection industry" is devoid of any foundation, and thus should be deemed inadmissible by this Court.

3. **Hansen Decl., Para. 3 Lacks Foundation And Is Irrelevant.**

Hanson Decl., Para. 3:

"It is my understanding that the Defendant was using a Predictive dialing system known as "Livevox." Livevox is a cloud based VoiP (Voice over IP) solution for outbound call centers. Lists of numbers to be called are loaded into a "campaign," stored in a database on the system, and called using various SIP providers. The system has the capacity to call lists of numbers in "predictive" dialing mode, or to deliver IVR (artificial voice) responses."

Defendant's Objections:

**Expert is not qualified: Fed. R. Evid. 702.** Defendant objects to all of the testimony from Jeffrey A. Hansen, as he has not been qualified as an expert. For an expert's opinion to be admissible, the expert must first be qualified. *See* Fed. R. Evid. 702; *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999); *Hendrix v. Evenflo Co.*, 609 F.3d 1183, 1194 (11th Cir. 2010) (expert's opinion cannot be connected to facts by *ipse dixit* of expert, i.e. because the expert said so). An expert must be qualified by "knowledge, skill, experience, training or education." Fed R. Evid. 702. The proponent of expert testimony has the burden of showing that the testimony is reliable. *United States v. Hicks*, 389 F.3d 514, 525 (5th Cir. 2004).

In this case, there is no evidence put forth that satisfies the factors for expert reliability in *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 593-95 (1993). Here, Mr. Hansen does not claim to have ever examined Defendant's technology system or even spoken with any employee, agent, or representative of Defendant regarding Defendant's technology system. Further, he fails to describe any

DEFENDANT'S EVIDENTIARY OBJECTIONS TO, AND REQUEST TO STRIKE PORTIONS OF, PLAINTIFFS' EVIDENCE SUBMITTED IN SUPPORT OF ITS OPPOSITION TO DEFENDANT'S MOTION

1   of the tests he performed or scientific studies he conducted that formed the basis for his statements

2   regarding Defendant's technology.  In fact, Plaintiffs' counsel never even requested that Mr. Hansen

3   have the opportunity to examine Defendant's technology system, even after Defendant's counsel made

4   the offer. (Flynn Dec., ¶ 23.)  Because Mr. Hansen is not qualified, his testimony should be disregarded

5   and his testimony stricken.

6       **Relevance: Fed. R. Evid. 401, 402**.  An expert's opinion must be relevant.  *Pipitone v.*

7   *Biomatrix, Inc.*, 288 F.3d 239, 2445 (5th Cir. 2002).  If the expert's opinion is based on scientific studies

8   dissimilar to the facts of the case and does not provide reasons for drawing his conclusion from these

9   studies, the opinion is irrelevant, as it only provides jurors with a conclusion instead of a framework to

10  determine the conclusion.  *See General Elec. Co. v. Joiner*, 522 U.S. 136, 144-56 (1997).  In this case,

11  Mr. Hansen has not conducted any studies, scientific or otherwise, involving Defendant's technology.

12  In fact, Mr. Hansen fails to state that he ever even examined Defendant's technology system.  Even if

13  Mr. Hansen had conducted studies of other technology systems, those studies would be irrelevant.  Mr.

14  Hansen's testimony is conclusory, thus, it should be disregarded.

15      **Lacks Foundation: Fed. R. Evid. 602.**  Mr. Hansen has no personal knowledge regarding

16  Defendant's technology, further indicated by his statement that "it is my *understanding* that the

17  Defendant was using a Predictive dialing system…" (emphasis added).  Without personal knowledge,

18  Mr. Hansen's opinions lack foundation and therefore, they must be disregarded.

19

20  4.     **Hansen Decl., Para. 4 (Plaintiffs' SS Nos. 5-6) Lacks Foundation And Is Irrelevant**.

21         Hanson Decl., Para. 4:

22         "I am of the opinion that Defendant used an automated telephone dialing system to place

23  telephone calls to Plaintiff, or more specifically, that the characteristics of the Livevox dialing system

24  meet the definition of equipment that has the capacity to store or produce numbers to be called, using a

25  random or sequential number generator, and the capacity to call such numbers."

26         Defendant's Objections:

27         **Expert is not qualified: Fed. R. Evid. 702**.  Defendant objects to all of the testimony from

28  Jeffrey A. Hansen, as he has not been qualified as an expert.  For an expert's opinion to be admissible,

6

DEFENDANT'S EVIDENTIARY OBJECTIONS TO, AND REQUEST TO STRIKE PORTIONS OF, PLAINTIFFS'
EVIDENCE SUBMITTED IN SUPPORT OF ITS OPPOSITION TO DEFENDANT'S MOTION

the expert must first be qualified.  *See* Fed. R. Evid. 702; *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999); *Hendrix v. Evenflo Co.*, 609 F.3d 1183, 1194 (11th Cir. 2010) (expert's opinion cannot be connected to facts by *ipse dixit* of expert, i.e. because the expert said so).  An expert must be qualified by "knowledge, skill, experience, training or education."  Fed. R. Evid. 702.  The proponent of expert testimony has the burden of showing that the testimony is reliable.  *United States v. Hicks*, 389 F.3d 514, 525 (5th Cir. 2004).

In this case, there is no evidence put forth that satisfies the factors for expert reliability in *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 593-95 (1993).  Here, Mr. Hansen does not claim to have ever examined Defendant's technology system or even spoken with any employee, agent, or representative of Defendant regarding Defendant's technology system.  Further, he fails to describe any of the tests he performed or scientific studies he conducted that formed the basis for his statements regarding Defendant's technology.  In fact, Plaintiffs' counsel never even requested that Mr. Hansen have the opportunity to examine Defendant's technology system, even after Defendant's counsel made the offer.  (Flynn Dec., ¶ 23.)  Because Mr. Hansen is not qualified, his testimony should be disregarded and his testimony stricken.

**Relevance: Fed. R. Evid. 401, 402**.  An expert's opinion must be relevant.  *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 2445 (5th Cir. 2002).  If the expert's opinion is based on scientific studies dissimilar to the facts of the case and does not provide reasons for drawing his conclusion from these studies, the opinion is irrelevant, as it only provides jurors with a conclusion instead of a framework to determine the conclusion.  *See General Elec. Co. v. Joiner*, 522 U.S. 136, 144-56 (1997).  In this case, Mr. Hansen has not conducted any studies, scientific or otherwise, involving Defendant's technology.  In fact, Mr. Hansen fails to state that he ever even examined Defendant's technology system.  Even if Mr. Hansen had conducted studies of other technology systems, those studies would be irrelevant.  Mr. Hansen's testimony is conclusory, thus, it should be disregarded.

**Lacks Foundation: Fed. R. Evid. 602.** Mr. Hansen has no personal knowledge regarding Defendant's technology, further indicated by his statement that "it is my *understanding* that the Defendant was using a Predictive dialing system…" (emphasis added).  Without personal knowledge, his opinions lack foundation and thus must be disregarded.

5.    **Hansen Decl., Para. 5 (Plaintiffs' SS No. 5) Lacks Foundation And Is Irrelevant**.

Hanson Decl., Para. 5:

"The fact that Defendant's dialer places predictive dialed calls to numbers stored by Defendant's dialing system has the capacity to dial numbers without human intervention, thereby meeting the definition of an ATDS, as clarified in the FCC's 2003 Order."

Defendant's Objections:

**Expert is not qualified: Fed. R. Evid. 702**.   Defendant objects to all of the testimony from Jeffrey A. Hansen, as he has not been qualified as an expert.  For an expert's opinion to be admissible, the expert must first be qualified.  *See* Fed. R. Evid. 702; *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999); *Hendrix v. Evenflo Co.*, 609 F.3d 1183, 1194 (11th Cir. 2010) (expert's opinion cannot be connected to facts by *ipse dixit* of expert, i.e. because the expert said so).  An expert must be qualified by "knowledge, skill, experience, training or education."  Fed. R. Evid. 702.  The proponent of expert testimony has the burden of showing that the testimony is reliable.  *United States v. Hicks*, 389 F.3d 514, 525 (5th Cir. 2004).

In this case, there is no evidence put forth that satisfies the factors for expert reliability in *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 593-95 (1993).  Here, Mr. Hansen does not claim to have ever examined Defendant's technology system or even spoken with any employee, agent, or representative of Defendant regarding Defendant's technology system.  Further, he fails to describe any of the tests he performed or scientific studies he conducted that formed the basis for his statements regarding Defendant's technology.  In fact, Plaintiffs' counsel never even requested that Mr. Hansen have the opportunity to examine Defendant's technology system, even after Defendant's counsel made the offer.  (Flynn Dec., ¶ 23.)  Because Mr. Hansen is not qualified, his testimony should be disregarded and his testimony stricken.

Mr. Hansen is not qualified to testify as an expert on Defendant's technology, nor is he qualified to opine on the Federal Communication Commission's 2003 Order, FCC Order 03-153 at p. 77.  Plaintiffs present no evidence to suggest that Mr. Hansen is qualified to comment upon the legal definition of an automatic telephone dialing system, or ATDS, which has been defined by Congress at 47 U.S.C. § 227(a)(1), a statute which has been interpreted to have its plain meaning as stated in

*Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 (9th Cir. 2009).

**Relevance: Fed. R. Evid. 401, 402**. An expert's opinion must be relevant.   *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 2445 (5th Cir. 2002).  If the expert's opinion is based on scientific studies dissimilar to the facts of the case and does not provide reasons for drawing his conclusion from these studies, the opinion is irrelevant, as it only provides jurors with a conclusion instead of a framework to determine the conclusion.  *See General Elec. Co. v. Joiner*, 522 U.S. 136, 144-56 (1997).  In this case, Mr. Hansen has not conducted any studies, scientific or otherwise, involving Defendant's technology.  In fact, Mr. Hansen fails to state that he ever even examined Defendant's technology system.  Even if Mr. Hansen had conducted studies of other technology systems, those studies would be irrelevant.  Furthermore, Mr. Hansen improperly assumes facts.  He assumes that Defendant's system (1) uses a dialer (2) which places predictive dialed calls to numbers (3) which are stored by Defendant, even though he has no personal knowledge of any of these statements.  Mr. Hansen's testimony is conclusory, thus, it should be disregarded.

**Lacks Foundation: Fed. R. Evid. 602.** Mr. Hansen has no personal knowledge regarding Defendant's technology, further indicated by his statement that "it is my *understanding* that the Defendant was using a Predictive dialing system…" (emphasis added).  Without personal knowledge, his opinions lack foundation and thus must be disregarded.

6.   **Hansen Decl., Para. 6 Lacks Foundation And Is Irrelevant**.

Hanson Decl., Para. 6:

"Further, the properties of Defendant's dialing system meets (sic) the definition of an ATDS as further clarified by the FCC Order 12-56, wherein, the FCC stated, "[u]nder the TCPA, the term 'automatic telephone dialing system' is defined as 'equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.'  Id. at § 227(a)(1).  The Commission has emphasized that this definition covers any equipment that has the specified capacity to generate numbers and dial them without human intervention whether or not the numbers called are randomly or sequentially generated or come from calling lists. *See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 at 14092, para. 133 (2003 TCPA Order)."

1       <u>Defendant's Objections:</u>

2          **Expert is not qualified: Fed. R. Evid. 702**.  Defendant objects to all of the testimony from

3       Jeffrey A. Hansen, as he has not been qualified as an expert.  For an expert's opinion to be admissible,

4       the expert must first be qualified.  *See* Fed. R. Evid. 702; *Kumho Tire Co. v. Carmichael*, 526 U.S. 137,

5       152 (1999); *Hendrix v. Evenflo Co.*, 609 F.3d 1183, 1194 (11th Cir. 2010) (expert's opinion cannot be

6       connected to facts by *ipse dixit* of expert, i.e. because the expert said so).  An expert must be qualified

7       by "knowledge, skill, experience, training or education."  Fed. R. Evid. 702.  The proponent of expert

8       testimony has the burden of showing that the testimony is reliable.  *United States v. Hicks*, 389 F.3d 514,

9       525 (5th Cir. 2004).

10         In this case, there is no evidence put forth that satisfies the factors for expert reliability in

11      *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 593-95 (1993).  Here, Mr. Hansen does not claim to

12      have ever examined Defendant's technology system or even spoken with any employee, agent, or

13      representative of Defendant regarding Defendant's technology system.  Further, he fails to describe any

14      of the tests he performed or scientific studies he conducted that formed the basis for his statements

15      regarding Defendant's technology.  In fact, Plaintiffs' counsel never even requested that Mr. Hansen

16      have the opportunity to examine Defendant's technology system, even after Defendant's counsel made

17      the offer.  (Flynn Dec., ¶ 23.)  Because Mr. Hansen is not qualified, his testimony should be disregarded

18      and his testimony stricken.

19         Mr. Hansen is not qualified to testify as an expert on Defendant's technology, nor is he qualified

20      to opine on the Federal Communication Commission's Orders.  Plaintiffs present no evidence to suggest

21      that Mr. Hansen is qualified to comment upon the legal definition of an automatic telephone dialing

22      system, or ATDS, which has been defined by Congress at 47 U.S.C. § 227(a)(1), a statute which has

23      been interpreted to have its plain meaning as stated in *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d

24      946, 951 (9th Cir. 2009).

25         **Relevance: Fed. R. Evid. 401, 402**.  An expert's opinion must be relevant.  *Pipitone v.*

26      *Biomatrix, Inc.*, 288 F.3d 239, 2445 (5th Cir. 2002).  If the expert's opinion is based on scientific studies

27      dissimilar to the facts of the case and does not provide reasons for drawing his conclusion from these

28      studies, the opinion is irrelevant, as it only provides jurors with a conclusion instead of a framework to

DEFENDANT'S EVIDENTIARY OBJECTIONS TO, AND REQUEST TO STRIKE PORTIONS OF, PLAINTIFFS'
EVIDENCE SUBMITTED IN SUPPORT OF ITS OPPOSITION TO DEFENDANT'S MOTION

determine the conclusion.  *See General Elec. Co. v. Joiner*, 522 U.S. 136, 144-56 (1997).  In this case, Mr. Hansen has not conducted any studies, scientific or otherwise, involving Defendant's technology. In fact, Mr. Hansen fails to state that he ever even examined Defendant's technology system.  Even if Mr. Hansen had conducted studies of other technology systems, those studies would be irrelevant. Furthermore, Mr. Hansen improperly assumes facts.  He assumes that Defendant's system (1) uses a dialer (2) which places predictive dialed calls to numbers (3) which are stored by Defendant, even though he has no personal knowledge of any of these statements.  Mr. Hansen's testimony is conclusory, thus, it should be disregarded.

**Lacks Foundation: Fed. R. Evid. 602.** Mr. Hansen has no personal knowledge regarding Defendant's technology, further indicated by his statement that "it is my *understanding* that the Defendant was using a Predictive dialing system…" (emphasis added).  Without personal knowledge, his opinions lack foundation and thus must be disregarded.

7.  **Hansen Decl., Para. 7 (Plaintiffs' SS No. 5) Lacks Foundation And Is Irrelevant**.

Hanson Decl., Para. 7:

"Thus, it is my expert opinion, Defendant used a dialer which constitutes an ATDS, under the TCPA definition, as clarified by FCC orders as it has the capacity to either call numbers stored or to call numbers generated by a number generator."

Defendant's Objections:

**Expert is not qualified: Fed. R. Evid. 702**.  Defendant objects to all of the testimony from Jeffrey A. Hansen, as he has not been qualified as an expert.  For an expert's opinion to be admissible, the expert must first be qualified.  *See* Fed. R. Evid. 702; *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999); *Hendrix v. Evenflo Co.*, 609 F.3d 1183, 1194 (11th Cir. 2010) (expert's opinion cannot be connected to facts by *ipse dixit* of expert, i.e. because the expert said so).  An expert must be qualified by "knowledge, skill, experience, training or education."  Fed. R. Evid. 702.  The proponent of expert testimony has the burden of showing that the testimony is reliable.  *United States v. Hicks*, 389 F.3d 514, 525 (5th Cir. 2004).

In this case, there is no evidence put forth that satisfies the factors for expert reliability in

*Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 593-95 (1993). Here, Mr. Hansen does not claim to have ever examined Defendant's technology system or even spoken with any employee, agent, or representative of Defendant regarding Defendant's technology system. Further, he fails to describe any of the tests he performed or scientific studies he conducted that formed the basis for his statements regarding Defendant's technology. In fact, Plaintiffs' counsel never even requested that Mr. Hansen have the opportunity to examine Defendant's technology system, even after Defendant's counsel made the offer. (Flynn Dec., ¶ 23.) Because Mr. Hansen is not qualified, his testimony should be disregarded and his testimony stricken.

Mr. Hansen is not qualified to testify as an expert on Defendant's technology, nor is he qualified to opine on the Federal Communication Commission's Orders. Plaintiffs present no evidence to suggest that Mr. Hansen is qualified to comment upon the legal definition of an automatic telephone dialing system, or ATDS, which has been defined by Congress at 47 U.S.C. § 227(a)(1), a statute which has been interpreted to have its plain meaning as stated in *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 (9th Cir. 2009).

**Relevance: Fed. R. Evid. 401, 402**. An expert's opinion must be relevant. *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 2445 (5th Cir. 2002). If the expert's opinion is based on scientific studies dissimilar to the facts of the case and does not provide reasons for drawing his conclusion from these studies, the opinion is irrelevant, as it only provides jurors with a conclusion instead of a framework to determine the conclusion. *See General Elec. Co. v. Joiner*, 522 U.S. 136, 144-56 (1997). In this case, Mr. Hansen has not conducted any studies, scientific or otherwise, involving Defendant's technology. In fact, Mr. Hansen fails to state that he ever even examined Defendant's technology system. Even if Mr. Hansen had conducted studies of other technology systems, those studies would be irrelevant. Furthermore, Mr. Hansen improperly assumes facts. He assumes that Defendant's system (1) uses a dialer (2) which places predictive dialed calls to numbers (3) which are stored by Defendant, even though he has no personal knowledge of any of these statements. Mr. Hansen's testimony is conclusory, thus, it should be disregarded.

**Lacks Foundation: Fed. R. Evid. 602.** Mr. Hansen has no personal knowledge regarding Defendant's technology, further indicated by his statement that "it is my *understanding* that the

Defendant was using a Predictive dialing system…" (emphasis added). Without personal knowledge, his opinions lack foundation and thus must be disregarded.

## EVIDENTIARY OBJECTIONS TO DECLARATION OF TIMOTHY TOTH

1. **Mr. Toth's Testimony, Paragraph 4, Is Irrelevant**.

Toth Decl., Para. 4:

"In April, 2013, I began receiving calls from Defendant about a debt owed by someone else."

Defendant's Objections:

**Relevance: Fed. R. Evid. 401, 402.** "Evidence is relevant if (a) it has the tenancy to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Mr. Toth's declaration is irrelevant to the issue of an automatic telephone dialing system. As such, this testimony should be stricken.

2. **Mr. Toth's Testimony, Paragraph 5, Is Irrelevant**.

Toth Decl., Para. 5:

"Prior to April, 2013, I had never before been contacted by Defendant regarding the alleged debt."

Defendant's Objections:

**Relevance: Fed. R. Evid. 401, 402.** "Evidence is relevant if (a) it has the tenancy to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Mr. Toth's declaration is irrelevant to the issue of an automatic telephone dialing system. As such, this testimony should be stricken.

3. **Mr. Toth's Testimony, Paragraph 6, Is Irrelevant**.

Toth Decl., Para. 6:

"In April, 2013, I was not a customer of, nor did I have a business relationship with, Defendant."

Defendant's Objections:

**Relevance: Fed. R. Evid. 401, 402.** "Evidence is relevant if (a) it has the tenancy to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in

determining the action."   Mr. Toth's declaration is irrelevant to the issue of an automatic telephone dialing system.  As such, this testimony should be stricken.

4.      **Mr. Toth's Testimony, Paragraph 7, Is Irrelevant**.

Toth Decl., Para. 7:

"At not (sic) time did I solicit the call described in Paragraph 4 above, which call was unwanted by me."

Defendant's Objections:

**Relevance: Fed. R. Evid. 401, 402.** "Evidence is relevant if (a) it has the tenancy to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."   Mr. Toth's declaration is irrelevant to the issue of an automatic telephone dialing system.  As such, this testimony should be stricken.

5.      **Mr. Toth's Testimony, Paragraph 8, Lacks Foundation And Is Improper**.

Toth Decl., Para. 8:

"At no time did I give Defendant express consent to contact me on my cell phone via an automatic telephone dialing system."

Defendant's Objections:

**Improper Lay Opinion: Fed. R. Evid. 701**.  Under Federal Rule of Evidence 701, if a witness is not testifying as an expert, his testimony is limited to one that is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (3) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Here, there is no evidence that Mr. Toth is being put forth to offer expert testimony, yet he opines that Defendant contacted him "via an automatic telephone dialing system."  There is no indication that Mr. Toth has ever examined Defendant's technology system or has any information regarding Defendant's technology system.  Mr. Toth has absolutely no personal knowledge regarding Defendant's technology, and could not opine on it if he did as he has not been qualified to do so.

**Lacks Foundation: Fed. R. Evid. 602.** Mr. Toth has no personal knowledge regarding

DEFENDANT'S EVIDENTIARY OBJECTIONS TO, AND REQUEST TO STRIKE PORTIONS OF, PLAINTIFFS' EVIDENCE SUBMITTED IN SUPPORT OF ITS OPPOSITION TO DEFENDANT'S MOTION

Defendant's technology.   Without personal knowledge, his opinions lack foundation and thus must be disregarded.

## EVIDENTIARY OBJECTIONS TO DECLARATION OF GARY HALL

1.   **Mr. Hall's Testimony, Paragraph 4, Is Irrelevant**.

Hall Decl., Para. 4:

"In June, 2013, I began receiving calls from Defendant about a debt owed by someone else."

Defendant's Objections:

**Relevance: Fed. R. Evid. 401, 402.** "Evidence is relevant if (a) it has the tenancy to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."   Mr. Hall's declaration is irrelevant to the issue of an automatic telephone dialing system.   As such, this testimony should be stricken.

2.   **Mr. Hall's Testimony, Paragraph 5, Is Irrelevant**.

Hall Decl., Para. 5:

"Prior to June, 2013, I had never before been contacted by Defendant regarding the alleged debt."

Defendant's Objections:

**Relevance: Fed. R. Evid. 401, 402.** "Evidence is relevant if (a) it has the tenancy to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."   Mr. Hall's declaration is irrelevant to the issue of an automatic telephone dialing system.   As such, this testimony should be stricken.

3.   **Mr. Hall's Testimony, Paragraph 6, Is Irrelevant**.

Hall Decl., Para. 6:

"In June, 2013, I was not a customer of, nor did I have a business relationship with, Defendant."

Defendant's Objections:

**Relevance: Fed. R. Evid. 401, 402.** "Evidence is relevant if (a) it has the tenancy to make a fact

15

DEFENDANT'S EVIDENTIARY OBJECTIONS TO, AND REQUEST TO STRIKE PORTIONS OF, PLAINTIFFS' EVIDENCE SUBMITTED IN SUPPORT OF ITS OPPOSITION TO DEFENDANT'S MOTION

more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."   Mr. Hall's declaration is irrelevant to the issue of an automatic telephone dialing system.  As such, this testimony should be stricken.

4.     **Mr. Hall's Testimony, Paragraph 7, Is Irrelevant**.

Hall Decl., Para. 7:

"At not (sic) time did I solicit the call described in Paragraph 4 above, which call was unwanted by me."

Defendant's Objections:

**Relevance: Fed. R. Evid. 401, 402.** "Evidence is relevant if (a) it has the tenancy to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."   Mr. Hall's declaration is irrelevant to the issue of an automatic telephone dialing system.  As such, this testimony should be stricken.

\\\
\\\
\\\

5.     **Mr. Hall's Testimony, Paragraph 8, Lacks Foundation And Is Improper**.

Hall Decl., Para. 8:

"At no time did I give Defendant express consent to contact me on my cell phone via an automatic telephone dialing system."

Defendant's Objections:

**Improper Lay Opinion: Fed. R. Evid. 701**.  Under Federal Rule of Evidence 701, if a witness is not testifying as an expert, his testimony is limited to one that is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (3) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Here, there is no evidence that Mr. Hall is being put forth to offer expert testimony, yet he opines that Defendant contacted him "via an automatic telephone dialing system."  There is no indication that Mr. Hall has ever examined Defendant's technology system or has any information regarding Defendant's

technology system.  Mr. hall has absolutely no personal knowledge regarding Defendant's technology, and could not opine on it if he did as he has not been qualified to do so.

**Lacks Foundation: Fed. R. Evid. 602.** Mr. Toth has no personal knowledge regarding Defendant's technology.  Without personal knowledge, his opinions lack foundation and thus must be disregarded.

## EVIDENTIARY OBJECTIONS TO DECLARATION OF DANNY HOREN

1. **Mr. Horen's Testimony, Paragraph 5, Lacks Foundation And Is Hearsay.**

Horen Decl., Para. 5:

"Attached hereto as Exhibit B is a true and correct copy of a screenshot of the Livevox predictive dialer application page, taken from http://www.livevox.com/applications/predictive-dialer/ on December 27, 2013."

Defendant's Objections:

**Lack of Personal Knowledge: Fed. R. Evid. 602.**  Rule 56(e) of the Federal Rules of Civil Procedure requires that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."  In reviewing motions for summary judgment, courts may not consider affidavits or declarations that do not comply with these requirements. *School Dist. 1J v. AC and S*, 5 F.3rd 1255, 1261 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236 (1983); *United States v. M.E. Dibble*, 429 F.2d 598, 601 (9th Cir. 1970).

All matters set forth in declarations must be based on personal knowledge and statements in a declaration are inadmissible unless the declaration itself affirmatively demonstrates that the declarant has personal knowledge of those facts.  *Love v. Commerce Bank of St. Louis, N.A.*, 37 F.3d 1295, 1296 (8th Cir. 1994); *Gagne v. Northwestern Nat'l Ins. Co.*, 881 F.2d 309, 315-16 (6th Cir. 1989) (holding that statements in affidavits that are not based on personal knowledge and personal observation do not contain facts that are admissible evidence for summary judgment purposes) (overruled on other grounds by *Wright v. Murray Guard, Inc.*, 455 F.3d 702 (6th Cir. 2006).

To be admissible to support or oppose a motion for summary judgment, declarations  must also

set out specific facts – not mere conclusory allegations. *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888 (1990) (holding that the object of Rule 56 is not to replace conclusory averments in a pleading with conclusory allegations in an affidavit). In addition, Rule 56(e) requires that declarations contain statements that would be otherwise "admissible in evidence," so declarations cannot contain hearsay. *Hal Roach Studios v. Richard Frier & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1984); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Finally, an attorney's declaration is governed by the same rules that apply to other declarants under Rule 56(e). Thus, an attorney's declaration is admissible only to prove facts that are within the attorney's personal knowledge and based on facts cited that support the conclusion that the attorney is competent to testify. *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639 (2nd Cir. 1988); *Friedel v. City of Madison*, 832 F.2d 965, 969 (7th Cir. 1987); *Local Union No. 490 v. Kirkhill Rubber Co.*, 367 F.2d 956, 958 (9th Cir. 1966).

Unless the party's attorney has first-hand knowledge, no insistence on his part, not even his declaration, can have probative force on a motion for summary judgment. *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1261 (9th Cir. 1998) (affirmed summary judgment because attorney affidavit did not provide facts or authenticated documents to support allegations), *cert. denied*, 512 U.S. 1236 (1993). Lacking personal knowledge, an attorney is not qualified to testify, and unauthenticated documents cannot support an opposition to summary judgment. *Canada v. Blain's Helicopters, Inc.* 831 F.2d 920, 925 (9th Cir. 1987).

Here, Mr. Horen seeks to introduce as an exhibit a website screen shot, a document which he has no personal knowledge. Fed. R. Evid. 602.

**Lack of Authentication/Foundation: Fed. R. Evid. 901.** Mr. Horen provides no testimony that he has personal knowledge of the document such that he is able to authenticate it as required by the Federal Rules of Evidence. Fed. R. Evid. 901; *Zoslaw v. MCA Distributing Corp.*, 693 F.2d 870, 883 (9th Cir. 1982) ("documents are required to be authenticated by affidavits or declarations of persons with *personal knowledge* through whom they could be introduced at trial" (emphasis added)).

**Hearsay: Fed. R. Evid. 801, 802**. Exhibit B is an out of court statement improperly being offered for the truth of what Plaintiffs assert. Fed. R. Evid. 801, 802; *see Blain's Helicopters, Inc., supra*, 831 F.2d at 925.

2.   **Mr. Horen's Testimony, Paragraph 7, Lacks Foundation**.

Horen Decl., Para. 7:

"Plaintiffs have retained a technology expert for purposes of discovery.  Discovery will allow Plaintiffs to determine the number of calls Defendant made during the statutory period and size of the Class, as well as identify the type and capacity of the equipment Defendant used to call Plaintiffs."

Defendant's Objections:

**Lacks Personal Knowledge: Fed. R. Evid. 602**.  Here, Mr. Horen, as Plaintiffs' trial counsel, is testifying as to matters outside his personal knowledge and merely offering conclusory, self-serving statements that he is not competent to make.  He lacks personal knowledge; what he believes discovery will do for Plaintiffs is based on pure speculation; this statement does not constitute *facts*, and should therefore be disregarded.  Fed. R. Evid. 602; *see Local Union No. 490, supra*, 367 F.2d at 958.

**EVIDENTIARY OBJECTIONS TO PLAINTIFFS' EXHIBIT A**

1.   **Exhibit A: Knutson et al. v. Schwan's Home Service, Inc., et al. Is Irrelevant**.

Order Denying In Part And Granting In Part Plaintiffs' Motion for Class Certification: 3:12-CV-0964-GPC-DHB, 2013 WL 4774763 (S.D. Cal. Sept. 5, 2013).

Defendant's Objections:

**Relevance: Fed. R. Evid. 401, 402.**  "Evidence is relevant if (a) it has the tenancy to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."   Here, the *Knutson* case is irrelevant to the ultimate issue – whether Defendant's technology meets the statutory definition of an automatic telephone dialing system. Additionally, *Knutson* concerns a Motion for Class Certification, which is an entirely different stage of litigation than what is at issue in the present matter.  Because this case is inapposite to the issues raised by Defendant in its Motion for Summary Judgment, it should be completely disregarded.

**EVIDENTIARY OBJECTIONS TO PLAINTIFFS' EXHIBIT B**

1.   **Exhibit B: Screenshot from www.livevox.com**.

Defendant's Objections:

**Lack of Authentication/Foundation: Fed. R. Evid. 901.** Mr. Horen provides no testimony that he has personal knowledge of the document such that he is able to authenticate it as required by the Federal Rules of Evidence. Fed. R. Evid. 901; *Zoslaw v. MCA Distributing Corp.*, 693 F.2d 870, 883 (9th Cir. 1982) ("documents are required to be authenticated by affidavits or declarations of persons with *personal knowledge* through whom they could be introduced at trial" (emphasis added)).

**Hearsay: Fed. R. Evid. 801, 802.** Exhibit B is an out of court statement improperly being offered for the truth of what Plaintiffs assert. Fed. R. Evid. 801, 802; *see Blain's Helicopters, Inc.*, *supra*, 831 F.2d at 925. Furthermore, "hearsay evidence may not be considered in deciding whether material facts are at issue in summary judgment motions." *Paul v. Holland America Line, Inc.*, 463 F. Supp. 2d 1203, 1206 (W.D. Wash. 2006) *citing Blair Foods, Inc. v. Ranchers Cotton Oil*, 610 F.2d 665, 667 (9th Cir. 1980). As such, this document must be disregarded for purposes of Defendant's Motion.

## EVIDENTIARY OBJECTIONS TO PLAINTIFFS' EXHIBIT C

1. **Exhibit C: Resume of Jeffrey Hansen Lacks Authentication And Is Hearsay**.

Defendant's Objections:

**Lack of Authentication/Foundation: Fed. R. Evid. 901.** Mr. Hansen provides no testimony that he has personal knowledge of the document nor does he authenticate Exhibit C as required by the Federal Rules of Evidence. Fed. R. Evid. 901; *Zoslaw, supra*, 693 F.2d at 883 ("documents are required to be authenticated by affidavits or declarations of persons with *personal knowledge* through whom they could be introduced at trial" (emphasis added)).

**Hearsay: Fed. R. Evid. 801, 802.** Exhibit C is an out of court statement improperly being offered for the truth of what Plaintiffs assert. Fed. R. Evid. 801, 802; *see Blain's Helicopters, Inc.*, *supra*, 831 F.2d at 925.

## EVIDENTIARY OBJECTIONS TO PLAINTIFFS' SEPARATE STATEMENT

1. **Paragraph 5: Hansen Declaration ¶ 7**.

Paragraph 5:

"Disputed.  Defendant used a dialer which constitutes an ATDS, under the TCPA. [Hansen Decl. ¶ 7]"

Defendant's Objections:

**Expert is not qualified: Fed. R. Evid. 702.**  Defendant objects to all of the testimony from Jeffrey A. Hansen, as he has not been qualified as an expert.  For an expert's opinion to be admissible, the expert must first be qualified.  *See* Fed. R. Evid. 702; *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999); *Hendrix v. Evenflo Co.*, 609 F.3d 1183, 1194 (11th Cir. 2010) (expert's opinion cannot be connected to facts by *ipse dixit* of expert, i.e. because the expert said so).  An expert must be qualified by "knowledge, skill, experience, training or education."  Fed. R. Evid. 702.  The proponent of expert testimony has the burden of showing that the testimony is reliable.  *United States v. Hicks*, 389 F.3d 514, 525 (5th Cir. 2004).

In this case, there is no evidence put forth that satisfies the factors for expert reliability in *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 593-95 (1993).  Here, Mr. Hansen does not claim to have ever examined Defendant's technology system or even spoken with any employee, agent, or representative of Defendant regarding Defendant's technology system.  Further, he fails to describe any of the tests he performed or scientific studies he conducted that formed the basis for his statements regarding Defendant's technology.  In fact, Plaintiffs' counsel never even requested that Mr. Hansen have the opportunity to examine Defendant's technology system, even after Defendant's counsel made the offer.  (Flynn Dec., ¶ 23.)  Because Mr. Hansen is not qualified, his testimony should be disregarded and his testimony stricken.

Mr. Hansen is not qualified to testify as an expert on Defendant's technology, nor is he qualified to opine on the Federal Communication Commission's Orders.  Plaintiffs present no evidence to suggest that Mr. Hansen is qualified to comment upon the legal definition of an automatic telephone dialing system, or ATDS, which has been defined by Congress at 47 U.S.C. § 227(a)(1), a statute which has been interpreted to have its plain meaning as stated in *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 (9th Cir. 2009).

**Relevance: Fed. R. Evid. 401, 402.**  An expert's opinion must be relevant.  *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 2445 (5th Cir. 2002).  If the expert's opinion is based on scientific studies

21

DEFENDANT'S EVIDENTIARY OBJECTIONS TO, AND REQUEST TO STRIKE PORTIONS OF, PLAINTIFFS' EVIDENCE SUBMITTED IN SUPPORT OF ITS OPPOSITION TO DEFENDANT'S MOTION

dissimilar to the facts of the case and does not provide reasons for drawing his conclusion from these studies, the opinion is irrelevant, as it only provides jurors with a conclusion instead of a framework to determine the conclusion.  *See General Elec. Co. v. Joiner*, 522 U.S. 136, 144-56 (1997).  In this case, Mr. Hansen has not conducted any studies, scientific or otherwise, involving Defendant's technology.  In fact, Mr. Hansen fails to state that he ever even examined Defendant's technology system.  Even if Mr. Hansen had conducted studies of other technology systems, those studies would be irrelevant.  Furthermore, Mr. Hansen improperly assumes facts.  He assumes that Defendant's system (1) uses a dialer (2) which places predictive dialed calls to numbers (3) which are stored by Defendant, even though he has no personal knowledge of any of these statements.  Mr. Hansen's testimony is conclusory, thus, it should be disregarded.

**Lacks Foundation: Fed. R. Evid. 602.**  Mr. Hansen has no personal knowledge regarding Defendant's technology.  Without personal knowledge, his opinions lack foundation and thus must be disregarded.

2.    **Paragraphs 5 & 6: Hansen Declaration ¶ 4.**

"[T]he characteristics of the Livevox dialing system meet the definition of equipment that has the capacity to store or produce numbers to be called, using a random or sequential number generator, and the capacity to call such numbers.  [Hansen Decl. ¶ 4]"

\\\

Defendant's Objections:

**Expert is not qualified: Fed. R. Evid. 702.**  Defendant objects to all of the testimony from Jeffrey A. Hansen, as he has not been qualified as an expert.  For an expert's opinion to be admissible, the expert must first be qualified.  *See* Fed. R. Evid. 702; *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999); *Hendrix v. Evenflo Co.*, 609 F.3d 1183, 1194 (11th Cir. 2010) (expert's opinion cannot be connected to facts by *ipse dixit* of expert, i.e. because the expert said so).  An expert must be qualified by "knowledge, skill, experience, training or education."  Fed. R. Evid. 702.  The proponent of expert testimony has the burden of showing that the testimony is reliable.  *United States v. Hicks*, 389 F.3d 514, 525 (5th Cir. 2004).

1       In this case, there is no evidence put forth that satisfies the factors for expert reliability in

2   *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 593-95 (1993).  Here, Mr. Hansen does not claim to

3   have ever examined Defendant's technology system or even spoken with any employee, agent, or

4   representative of Defendant regarding Defendant's technology system.  Further, he fails to describe any

5   of the tests he performed or scientific studies he conducted that formed the basis for his statements

6   regarding Defendant's technology.  In fact, Plaintiffs' counsel never even requested that Mr. Hansen

7   have the opportunity to examine Defendant's technology system, even after Defendant's counsel made

8   the offer.  (Flynn Dec., ¶ 23.)  Because Mr. Hansen is not qualified, his testimony should be disregarded

9   and his testimony stricken.

10      Mr. Hansen is not qualified to testify as an expert on Defendant's technology, nor is he qualified

11  to opine on the Federal Communication Commission's Orders.  Plaintiffs present no evidence to suggest

12  that Mr. Hansen is qualified to comment upon the legal definition of an automatic telephone dialing

13  system, or ATDS, which has been defined by Congress at 47 U.S.C. § 227(a)(1), a statute which has

14  been interpreted to have its plain meaning as stated in *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d

15  946, 951 (9th Cir. 2009).

16      **Relevance: Fed. R. Evid. 401, 402.**  An expert's opinion must be relevant.  *Pipitone v.*

17  *Biomatrix, Inc.*, 288 F.3d 239, 2445 (5th Cir. 2002).  If the expert's opinion is based on scientific studies

18  dissimilar to the facts of the case and does not provide reasons for drawing his conclusion from these

19  studies, the opinion is irrelevant, as it only provides jurors with a conclusion instead of a framework to

20  determine the conclusion.  *See General Elec. Co. v. Joiner*, 522 U.S. 136, 144-56 (1997).  In this case,

21  Mr. Hansen has not conducted any studies, scientific or otherwise, involving Defendant's technology.

22  In fact, Mr. Hansen fails to state that he ever even examined Defendant's technology system.  Even if

23  Mr. Hansen had conducted studies of other technology systems, those studies would be irrelevant.

24  Furthermore, Mr. Hansen improperly assumes facts.  He assumes that Defendant's system (1) uses a

25  dialer (2) which places predictive dialed calls to numbers (3) which are stored by Defendant, even

26  though he has no personal knowledge of any of these statements.  Mr. Hansen's testimony is conclusory,

27  thus, it should be disregarded.

28      **Lacks Foundation: Fed. R. Evid. 602.**  Mr. Hansen has no personal knowledge regarding

Defendant's technology.  Without personal knowledge, his opinions lack foundation and thus must be disregarded.

3.    **Paragraphs 5 & 6: Use of Policy Rather Than Evidence Is Improper.**

"[A] predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls.  The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers."  [*In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 18 F.C.C.R. 14014, 14091-93 (2003)]. The basic function of such (calling) equipment, however, has not changed – the capacity to dial numbers without human intervention.  [*Id.* at 14092]"

Defendant's Objections:

**Failure to Cite to Evidence: Fed. R. Civ. P. 56(c).**  Under the Federal Rules of Civil Procedure 56(c)(1)(A), "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

Here, Plaintiffs fail to cite to any admissible <u>evidence</u> in opposition to Defendant's Motion but improperly rely upon administrative policy.  This submission should be disregarded by the Court.

4.    **Paragraph 5: Hansen Declaration ¶ 5**.

"The fact that Defendant's dialer places predictive dialed calls to numbers stored by Defendant's dialing system has the capacity to dial numbers without human intervention, thereby meeting the definition of an ATDS."

Defendant's Objections:

**Expert is not qualified: Fed. R. Evid. 702.**  Defendant objects to all of the testimony from

Jeffrey A. Hansen, as he has not been qualified as an expert.  For an expert's opinion to be admissible, the expert must first be qualified.  *See* Fed. R. Evid. 702; *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999); *Hendrix v. Evenflo Co.*, 609 F.3d 1183, 1194 (11th Cir. 2010) (expert's opinion cannot be connected to facts by *ipse dixit* of expert, i.e. because the expert said so).  An expert must be qualified by "knowledge, skill, experience, training or education."  Fed. R. Evid. 702.  The proponent of expert testimony has the burden of showing that the testimony is reliable.  *United States v. Hicks*, 389 F.3d 514, 525 (5th Cir. 2004).

In this case, there is no evidence put forth that satisfies the factors for expert reliability in *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 593-95 (1993).  Here, Mr. Hansen does not claim to have ever examined Defendant's technology system or even spoken with any employee, agent, or representative of Defendant regarding Defendant's technology system.  Further, he fails to describe any of the tests he performed or scientific studies he conducted that formed the basis for his statements regarding Defendant's technology.  In fact, Plaintiffs' counsel never even requested that Mr. Hansen have the opportunity to examine Defendant's technology system, even after Defendant's counsel made the offer.  (Flynn Dec., ¶ 23.)  Because Mr. Hansen is not qualified, his testimony should be disregarded and his testimony stricken.

Mr. Hansen is not qualified to testify as an expert on Defendant's technology, nor is he qualified to opine on the Federal Communication Commission's Orders.  Plaintiffs present no evidence to suggest that Mr. Hansen is qualified to comment upon the legal definition of an automatic telephone dialing system, or ATDS, which has been defined by Congress at 47 U.S.C. § 227(a)(1), a statute which has been interpreted to have its plain meaning as stated in *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 (9th Cir. 2009).

**Relevance: Fed. R. Evid. 401, 402.**  An expert's opinion must be relevant.  *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 2445 (5th Cir. 2002).  If the expert's opinion is based on scientific studies dissimilar to the facts of the case and does not provide reasons for drawing his conclusion from these studies, the opinion is irrelevant, as it only provides jurors with a conclusion instead of a framework to determine the conclusion.  *See General Elec. Co. v. Joiner*, 522 U.S. 136, 144-56 (1997).  In this case,

Mr. Hansen has not conducted any studies, scientific or otherwise, involving Defendant's technology. In fact, Mr. Hansen fails to state that he ever even examined Defendant's technology system.  Even if Mr. Hansen had conducted studies of other technology systems, those studies would be irrelevant. Furthermore, Mr. Hansen improperly assumes facts.  He assumes that Defendant's system (1) uses a dialer (2) which places predictive dialed calls to numbers (3) which are stored by Defendant, even though he has no personal knowledge of any of these statements.  Mr. Hansen's testimony is conclusory, thus, it should be disregarded.

**Lacks Foundation: Fed. R. Evid. 602.**  Mr. Hansen has no personal knowledge regarding Defendant's technology.  Without personal knowledge, his opinions lack foundation and thus must be disregarded.

5.   **Paragraphs 5 & 6: Use of Policy Rather Than Evidence Is Improper.**

"Equipment that dials a list of numbers (such as a business's list of customers), rather than dials random or sequential numbers, is still an ATDS.  [*Gragg v. Orange Cab Co.*, 2013 U.S. Dist. LEXIS 60174, *4 (W.D. Wash. Apr. 26, 2013)(internal quotations omitted)]"

Defendant's Objections:

**Failure to Cite to Evidence: Fed. R. Civ. P. 56(c).**

Under the Federal Rules of Civil Procedure 56(c)(1)(A), "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

Here, Plaintiffs fail to cite to any admissible _evidence_ in opposition to Defendant's Motion but improperly rely upon case law.  This submission should be disregarded by the Court.

\\\

\\\

\\\

DEFENDANT'S EVIDENTIARY OBJECTIONS TO, AND REQUEST TO STRIKE PORTIONS OF, PLAINTIFFS'
EVIDENCE SUBMITTED IN SUPPORT OF ITS OPPOSITION TO DEFENDANT'S MOTION

## CONCLUSION

Based upon the objections above, the Court should strike from the record the improper evidence offered by Plaintiffs, TIMOTHY TOTH and GARY HALL, in Opposition to Defendant STELLAR RECOVERY, INC.'s Motion for Summary Judgment.

Dated: January 21, 2014                    **FOLEY & MANSFIELD, PLLP**


By:    _____/s/ Sean P. Flynn_____
           Sean P. Flynn
           Attorney for Defendant
           **STELLAR RECOVERY, INC.**

DEFENDANT'S EVIDENTIARY OBJECTIONS TO, AND REQUEST TO STRIKE PORTIONS OF, PLAINTIFFS' EVIDENCE SUBMITTED IN SUPPORT OF ITS OPPOSITION TO DEFENDANT'S MOTION

## PROOF OF SERVICE

**STATE OF NEVADA, COUNTY OF CLARK:**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 300 S. Grand Ave., Suite 2800, Los Angeles, CA 90071.

On January 21, 2014, I served the foregoing document described as:

**DEFENDANT'S EVIDENTIARY OBJECTIONS TO, AND REQUEST TO STRIKE PORTIONS OF, PLAINTIFFS' EVIDENCE SUBMITTED IN SUPPORT OF ITS OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**.

On the following persons:

| | |
|---|---|
| David Krieger, Esq.<br>HAINES & KRIEGER, LLC<br>8985 S. Eastern Avenue<br>Suite 130<br>Henderson, Nevada 89123 | Attorney for Plaintiffs |
| Danny J. Horen, Esq.<br>Kazerouni Law Groups, APC<br>7854 W. Sahara Avenue<br>Las Vegas, NV 89117 | Attorney for Plaintiffs |

☒ **(BY COURT'S CM/ECF SYSTEM)** Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF systems, to the parties and/or counsel who are registered CM/ECF Users set forth in the service list contained from this court.

☒ [FEDERAL] I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 21, 2014, Los Angeles, California.


_____/s/ Martina Lopez_____
Martina Lopez