William E. Peterson, No. 1528
Janine C. Prupas, No. 9156
**SNELL & WILMER L.L.P.**
50 West Liberty Street, Suite 510
Reno, Nevada 89501
Telephone:  (775) 785-5440
Facsimile   (775) 785-5441

Sean P. Flynn, Esq. (Cal. SBN 220184)
(Admitted *pro hac vice*)
sflynn@foleymansfield.com
**FOLEY & MANSFIELD, PLLP**
300 South Grand Avenue, Suite 2800
Los Angeles, CA  90071
Telephone:  (213) 283-2100
Facsimile:  (213) 283-2101

Attorneys for Defendant
**STELLAR RECOVERY, INC.**

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TIMOTHY TOTH and GARY HALL, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>STELLAR RECOVERY, INC.,<br><br>Defendant. | Case No: 2:13-cv-01276-LDG(GWF)<br><br>**DECLARATION OF ROBERT BURNSIDE IN SUPPORT DEFENDANT STELLAR RECOVERY, INC.'S MOTION FOR A PROTECTIVE ORDER**<br><br>***DISCOVERY MATTER***<br><br>Action Filed:  July 19, 2013<br>Trial Date:    TBD |

\\\
\\\
\\\
\\\
\\\
\\\

1

DECLARATION OF ROBERT BURNSIDE IN SUPPORT OF DEFENDANT STELLAR RECOVERY, INC.'S MOTION FOR A PROTECTIVE ORDER

## DECLARATION OF ROBERT BURNSIDE

I, Robert Burnside, hereby declare as follows:

1. I am the President of Stellar Recovery, Inc. ("Stellar"), and have been employed at Stellar in this position since April 2013. I am competent and authorized to testify to the matters set forth herein and have personal knowledge of the facts stated herein.

2. It is my understanding that Plaintiffs' Counsel represented to the Court during the February 7, 2014 hearing on Stellar's Motion for a Protective Order that what they are seeking is a list of all telephone numbers (cellular and landline) called by Stellar since July 19, 2009.

3. I offer this Declaration in response to the Court's request for additional information concerning the undue burden Plaintiffs' Discovery requests will place on Stellar.

4. First, Stellar does not have any electronic or paper documents that list the telephone numbers it has attempted to call over the past five years.

5. Such a list would have to be created from the database Stellar uses in connection with it's business.

6. Such an undertaking will require a significant outpouring of time and resources, and will significantly interfere with Stellar's business operations.

7. The debt collection system used by Stellar Recovery, Inc., is known as Latitude.

8. Latitude is a relational and active database system.

9. What this means is that all information (name, address, telephone number(s), social security number(s), financial account number(s), and possibly medical information) regarding a particular account is stored within the database in one record.

10. Stellar maintains information according to accounts, not individuals.

11. In other words, it is possible for Stellar to have one account for John Doe regarding his credit card account, and a separate account for the same John Doe's satellite

2

TV account, and a separate account for the same John Doe's medical services account, all at the same time, or over time.

12. What this means is that a single individual may have multiple accounts with Stellar.

13. What this also means is that because of the ease with which individuals can and do change telephone numbers, there maybe a single cellular number associated with several different individuals.

14. Additionally, during business hours the database is constantly being accessed and updated.

15. Stellar does not create outbound dialing lists. Rather, a "Calling Campaign" is created.

16. A Calling Campaign is made up of certain parameters that the calling software uses to systematically search the database for matching records and then causes the matching telephone number to be called.

17. These parameters are things like blocking any account whose telephone number is in a geographic region where the local time is not between 8 am or 9 pm local time – the presumed convenient times under the FDCPA.

18. Another example of a parameter would be calling accounts that were not called the day before.

19. Further, Calling Campaigns are created and revised constantly throughout the day.

20. When the system attempts a call, a notation is made to the account's record.

21. There is no separate list of telephone numbers attempted that is maintained.

22. Stellar currently has 4.8 million active accounts in its database, with over 17 million cellular and land line telephone numbers associated with those accounts.

23. Based on Plaintiffs' Counsel's clarification of what information they are seeking, Stellar would have to generate a new electronic record that does not currently exist, using data from its database.

DECLARATION OF ROBERT BURNSIDE IN SUPPORT OF DEFENDANT STELLAR RECOVERY, INC.'S MOTION FOR A PROTECTIVE ORDER

24. In order to do this, before any of this work could take place a copy of the entire database would have to be made in case there is a catastrophic error and data is lost or damaged.

25. With the database being active during production hours and while doing nightly updates, we are limited to 2-3 hours of time to compile data per weekday with weekends providing 10-20 hours per day depending on the collection schedule.

26. Additionally, this will increase the cost of the project due to the required overtime payment.

27. Stellar Recovery, Inc. only has 2 employees who are able to perform this work. Both already work 40+ hours per week.

28. Adding more than 10-15 hours to each employees work week to perform this task would be unfair to the individuals and would cause their existing responsibilities to suffer.

29. Once a copy of the database is prepared, the time it would take to filter the data to create the new electronic record could be several weeks to a few months.

30. For example, assuming only an average of 10 million calls a month during the proposed class period (currently approximately 56 months), Stellar would have to sort through the entire database and locate the 560 million call attempts; then identify those attempts that resulted in a call being placed outside of the system such that the telephone attached to the telephone number actually rang; and then extract that data and place it into a new electronic record.

31. There is no single computer search that we are aware of what would accomplish this filtration of data. Rather, this would be a multi-step process and would likely still require manual review to ensure accuracy.

32. This record, however, will not aid Plaintiffs or the Court in assessing *how* the telephone calls were placed. I.e., whether an ATDS was used, which is the sole issue presented in Stellar's Motion for Summary Judgment.

33. It is Stellar's position that it does not have an ATDS because, among other

things, it does not have a random or sequential number generator, which is a required element of any TCPA claim.

34. It is my understanding that Stellar has already submitted evidence to support its position that it does not have any type of a number generator.

35. It is also my understanding that Plaintiff still has not requested to inspect Stellar's calling technology, nor requested to depose Stellar's witness concerning the lack of a number generator.

I declare under penalty of perjury under the laws of the State of Montana that the foregoing is true and correct.

Executed February 20, 2014, at Jacksonville, Florida.

Robert Burnside
Stellar Recovery, Inc.
President

DECLARATION OF ROBERT BURNSIDE IN SUPPORT OF DEFENDANT STELLAR RECOVERY, INC.'S MOTION FOR A PROTECTIVE ORDER

# PROOF OF SERVICE

**STATE OF NEVADA, COUNTY OF CLARK:**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 300 S. Grand Ave., Suite 2800, Los Angeles, CA 90071.

On February 20, 2014, I served the foregoing document described as:

**DECLARATION OF ROBERT BURNSIDE IN SUPPORT OF STELLAR RECOVERY, INC.'S MOTION FOR A PROTECTIVE ORDER.**

On the following persons:

| | |
|---|---|
| David Krieger, Esq.<br>HAINES & KRIEGER, LLC<br>8985 S. Eastern Avenue<br>Suite 130<br>Henderson, Nevada 89123 | Attorney for Plaintiffs |
| Danny J. Horen, Esq.<br>Kazerouni Law Groups, APC<br>7854 W. Sahara Avenue<br>Las Vegas, NV 89117 | Attorney for Plaintiffs |
| Mr. Todd M. Friedman, Esq.<br>Law Offices of Todd M. Friedman, PC<br>369 S. Doheny Drive, #415<br>Beverly Hills, CA, 90211 | Attorney for Plaintiffs |

☒ ***(BY COURT'S CM/ECF SYSTEM)*** Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF systems, to the parties and/or counsel who are registered CM/ECF Users set forth in the service list contained from this court.

☒ **[FEDERAL]** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 20, 2014, Los Angeles, California.

/s/ Sean P. Flynn
Sean P. Flynn