William E. Peterson, No. 1528
Janine C. Prupas, No. 9156
**SNELL & WILMER L.L.P.**
50 West Liberty Street, Suite 510
Reno, Nevada 89501
Telephone:  (775) 785-5440
Facsimile   (775) 785-5441

Sean P. Flynn, Esq. (Cal. SBN 220184)
(Admitted *pro hac vice*)
sflynn@foleymansfield.com
**FOLEY & MANSFIELD, PLLP**
300 South Grand Avenue, Suite 2800
Los Angeles, CA  90071
Telephone:  (213) 283-2100
Facsimile:   (213) 283-2101

Attorneys for Defendant
**STELLAR RECOVERY, INC.**

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TIMOTHY TOTH and GARY HALL, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>STELLAR RECOVERY, INC.,<br><br>　　　　Defendant. | Case No: 2:13-cv-01276-LDG(GWF)<br><br>**DEFENDANT'S NOTICE OF RECENT CASE AUTHORITY**<br><br>Action Filed: July 19, 2013<br>Trial Date: None Set |

\\\
\\\
\\\
\\\
\\\
\\\

On January 27, 2014, Defendant filed its reply documents in support of its motion for summary judgment.  (*Docket* # 24.)  Since the briefing of Defendant's Motion for Summary Judgment, two subsequent cases have been published dealing with the same issue set forth in Defendant's Motion for Summary Judgment:

> If the defendant's dialing technology does not have the capacity to randomly or sequentially generate numbers to be called, it cannot qualify as an ATDS under the statute.

The two new cases are:

1. *Gragg, v. Orange Cab Company, Inc.*, 2014 WL 494862 (Feb. 7, 2014, W.D. Wash.); and

2. *Dominguez v. Yahoo!, Inc.*, 2014 WL 1096051 (March 20, 2014, E.D. PA.).

Both cases concluded that because the defendants dialing technology did not have the capacity to randomly or sequentially generate numbers to be called, they did cannot qualify as an ATDS under the statute.

Defendant believes it is necessary to submit this notice because in Plaintiffs' Opposition to the pending Motion for Summary Judgment, Plaintiffs' argued that this Court should ignore the only other known case, *Stockwell v. Credit Management, L.P.*, Case No. 30-2012-00596110-CU-NP-CXC, that squarely addressed this issue because it was a California State Court opinion.  (*Docket* # 06:15 - 07:01 .)

These two federal District Court cases directly support Defendant's arguments, and its reliance on the *Stockwell* case.

Dated: March 31, 2014      **FOLEY & MANSFIELD, PLLP**

By:   */s/ Sean P. Flynn*
Sean P. Flynn
Attorney for Defendant
**STELLAR RECOVERY, INC.**

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 300 S. Grand Ave., Suite 2800, Los Angeles, CA 90071.

On March 31, 2014, I served the foregoing document described as:

**DEFENDANT'S NOTICE OF RECENT CASE AUTHORITY**.

On the following persons:

| | |
|---|---|
| David Krieger, Esq.<br>HAINES & KRIEGER, LLC<br>8985 S. Eastern Avenue<br>Suite 130<br>Henderson, Nevada 89123 | Attorney for Plaintiffs |
| Danny J. Horen, Esq.<br>Kazerouni Law Groups, APC<br>7854 W. Sahara Avenue<br>Las Vegas, NV 89117 | Attorney for Plaintiffs |
| Mr. Todd M. Friedman, Esq.<br>Law Offices of Todd M. Friedman, PC<br>369 S. Doheny Drive, #415<br>Beverly Hills, CA, 90211 | Attorney for Plaintiffs |

☒ ***(BY COURT'S CM/ECF SYSTEM)*** Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF systems, to the parties and/or counsel who are registered CM/ECF Users set forth in the service list contained from this court.

☒ **[FEDERAL]** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 31, 2014, Los Angeles, California.

*/s/ Sean P. Flynn*
Sean P. Flynn

3
DEFENDANT'S NOTICE OF RECENT CASE AUTHORITY